**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: December 7 2022

Mary Ann Whipple
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In Re: | ) | Case No.   13-61708 |
| | ) | |
| Lori Phelps | ) | Chapter 7 |
| | ) | |
| Debtor(s). | ) | JUDGE MARY ANN WHIPPLE |

### ORDER FOR FURTHER HEARING

This matter came before the court on December 5, 2022, for hearing on the Chapter 7 Trustee's Motion for Authority to Compromise Personal Injury Claim and Application for Allowance of Special Counsel Fees and Expenses ("Motion") [Doc. # 34]. The Trustee appeared by telephone. There were no other appearances. The Motion will be continued for further hearing for the following reasons.

At the hearing, the court indicated that it would not approve the proposed compromise because doing so essentially entails approval of an expense of employed special counsel [Doc. ## 28, 29] revealed in the settlement statement, which the court finds to be unreasonable and not a necessary expense. Specifically, the expenses of counsel include a fee of $700 to Archer Investment Service for "bankruptcy" that the court finds to be unnecessary. *See* 11 U.S.C. §§ 327(e); 330(a)(1)(B).

This $700 charge is overhead of counsel. Counsel's (two law firms) client is now the captioned bankruptcy estate. The risk of not knowing who the two law firms are representing at any given time is on counsel. All it takes to determine whether the claimant they agreed to represent is a bankruptcy debtor and the actual owner of the claim they are prosecuting is a basic PACER search that does not require specialized expertise or a service charging $700 to undertake.[1]

---

[1] *See In re Young,* Case No. 18-24621-GLT, at 8 (Bankr. W.D. Pa. Nov. 15, 2022), quoting *In re Fisher*, No. 16-1911, 2019 WL 1875366, at *2 (Bankr. S.D. Ala Mar. 27, 2019).

The question of whether a plaintiff is in bankruptcy is thus very significant. Every trial attorney has or

Nor should the bankruptcy estate be charged a fee for preparation of counsel's own employment documents, which the court understands from other matters to be another service of Archer. Again, that is overhead of counsel if they are interested in being employed by the bankruptcy estate as special counsel and the Trustee is willing to so employ them. Bankruptcy trustees employing counsel in any other context observed outside MDL class actions are not charged to effectuate the engagement by the lawyers they hire and are approved to represent them.

The Trustee also indicated that he communicated with Archer because counsel (without specifying either of the two law firms involved) was difficult to communicate with. Whatever counsel's business model when they are not representing a bankruptcy estate, there is no more fundamental aspect of the lawyer-client relationship than effective communication about the status of a matter, including its settlement if appropriate and the logistics of same. Inserting a go-between to do so, let alone one charging the client a fee beyond the contingency fee authorized to be paid, does not absolve counsel of its duties. If that is the way counsel chooses to conduct its business, then it's up to counsel to pay its go-between to handle their professional communication obligations, not their client.

The Trustee was not aware of this judge's considerations in evaluating similar compromises, as the case was recently transferred from a judge who retired. [Doc. # 32]. As a result, he appropriately asked for more time to evaluate how to proceed and to follow up with counsel given the position communicated by the court rather than have the court deny the Motion now. Hopefully, counsel will return his phone calls or reply to his e-mails. Therefore, for good cause shown,

**IT IS ORDERED** that the Motion is hereby continued for *Further Hearing* to **January 23, 2023, at 3:00 o'clock p.m.** ***This proceeding will be conducted by telephone conference line unless the parties are notified to the contrary by court staff and an amended hearing order is issued by the court. Conference line: 866-390-1828; access code 8812665#.***

# # #

---

should have a PACER account with which to check federal court pleadings, including bankruptcy court pleadings. It takes only a few moments to check a client's name on PACER before distributing settlement proceeds to determine whether that client is in bankruptcy. To rely on a client's representation that he or she is not in bankruptcy is not enough. The client may not notice or understand the "not in bankruptcy" language; the client may be confused as to whether he or she is in bankruptcy; and (not surprisingly) sometimes clients will lie, particularly if they think that answering correctly may cause them to get less money. In this court's view, if a lawyer fails to check PACER to confirm that a client is not in bankruptcy immediately before distributing settlement proceeds, the lawyer runs the risk of being held liable for the settlement funds that would have otherwise gone into the bankruptcy estate. Of course, a prudent lawyer should also check PACER upon initial retention as well so that his or her employment can be approved by the bankruptcy court on a timely basis.

The application to employ counsel filed by the Trustee on June 22, 2022, shows that the Debtor signed the retainer agreement on January 17, 2018. [Doc. # 28, Ex. A]. A PACER search at that time would have revealed this bankruptcy case filing.